BAKER *v.* BARNETT PRODUCE CO.

PRINCIPAL AND AGENT — APPARENT AUTHORITY — SECRET LIMITA-
    TIONS.

  One who sells cabbages not yet ready for the market to an
  agent held out to the public as having authority to contract
  for future delivery is not bound by a secret limitation be-
  tween the principal and the agent that only cabbages ready for
  market can be contracted for by the latter.

Error to Berrien; Coolidge, J. Submitted June 17,
1897. Decided June 28, 1897.

*Assumpsit* by Vitelus M. Baker against the Barnett
Produce Company for the breach of a contract to buy pro-
duce. From a judgment for plaintiff, defendant brings
error. Affirmed.

  *Lawrence C. Fyfe,* for appellant.

  *E. L. Hamilton,* for appellee.

MONTGOMERY, J. This is an action for the breach of a
contract by the terms of which defendant is claimed to
have purchased of plaintiff his crop of cabbages, at stated
prices, according to grade, to be paid for on delivery and
inspection at the car. The defense claimed on the trial
that there was no authority on the part of the agents
of defendant with whom plaintiff dealt to make any con-
tract of purchase, except a contract to buy cabbage then
promptly ready for market.

  The defendant has an office in Chicago, and owns
a farm of some 500 acres in the southern part of Ber-
rien county. It buys cabbages at Galien, and ships
those purchased, together with its own product, to various
markets. At its farm it employs as manager one Balmer,
and in 1894 it also had in its employ a man named Green,

who was subject to Balmer. Plaintiff testifies that he made a sale of his entire crop to Green, and Green corroborates him, and testifies that he was acting under instructions from Balmer in making the purchase, and that the terms were reported to Balmer. Plaintiff also testifies to facts showing a subsequent recognition of the bargain by Balmer.

The chief contention, and the only one which we need discuss, is that there was no authority on the part of Balmer to make a bargain for the purchase of any cabbages which were not then ready for delivery. It is not denied that he had the power to buy for future delivery, —that is, to contract for the delivery of a crop already in condition to deliver at a stated time, when the car should be placed,—but it is claimed that he had not authority to include in the contract cabbages not yet ready for the market. It is apparent, therefore, that he was held out to the public as having authority to contract for future delivery; and the plaintiff and others dealing with him would hardly be expected to suspect secret limitations on his power, depending upon whether the cabbages were in that stage of development at the time of the contract that they were growing better or worse pending the delivery. We think there was abundant testimony tending to show the contract alleged, and the holding out of Balmer as having the authority which he exercised.

Judgment affirmed.

The other Justices concurred.